UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROCHELLE BRAUN,
on behalf of her daughter,
ALISHA KOCKEN,

           Petitioner,

    v.                          Case No. 24-CV-1679

WARDEN MICHAEL GIERACH,

           Respondent.

## RECOMMENDATION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Rochelle Braun, on behalf of her daughter Alisha Kocken ("Kocken"), who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) She also filed a Motion to Appoint Counsel. (ECF No. 2.)

Kocken pled guilty to the charges against her and was sentenced in June 2024. (ECF No. 1 at 2 (all citations reflect ECF pagination).) Kocken's mother states that she believes Kocken is incompetent, had ineffective assistance of counsel, and that there were numerous errors in prosecuting her case and in sentencing her—including an

improper charge that added three years to her sentence (ECF No. 1 at 10, 21 ("On June 11, 2024 Judge said there is a wrong charge did nothing to correct it [and] sentenced [Kocken] anyway.").

Kocken now seeks exoneration of the charges against her, listing numerous grounds for relief, including: "Brady violation[;] Incompetent to stand trial[;] [Prosecutorial] misconduct[;] [Obvious] wrong charge[;] Due Process Violation[;] … ineffective assistance by counsel[;] officer suppressed evidence[;] officer misconduct[;] Giglio material[;] Giglio violation[;] Civil Rights [and] Constitutional Rights violated[;] Error in the law …." (ECF No. 1 at 13.)

The Court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. § 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may

raise *sua sponte*, *see U. S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, 2005 U.S. Dist. LEXIS 48282 (E.D. Wis. July 26, 2005).

Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001)).

As to whether she appealed her conviction or sought any post-conviction relief, Kocken responds, "N/A". (ECF No. 1 at 4-7.) She states that, "[a]fter sentencing[,] [her] Attorney said he put in a notice [whatever] that means", that her attorney "put in a Notice for the 3 [years] they jumped[,] whether he did or not I do not know," and, in response to whether she appealed to the highest state court, she states her "Attorney does nothing." (ECF No. 1 at 6-7.)

A review of Kocken's petition and Wisconsin circuit court records, available at http://wcca.wicourts.gov, confirm that she filed a Notice of Intent to Pursue Post-

Conviction Relief (mailed 7/15/2024) but has not sought relief from the Wisconsin Court of Appeals or the Wisconsin Supreme Court for the issues she now raises in her petition.

Because Kocken has not subjected all of her claims to one full round of review by the Wisconsin courts, this Court cannot grant her petition and will recommend it be dismissed pursuant to 28 U.S.C. § 2254(b)(1) for failure to exhaust her state court remedies.

Because the Court is recommending Kocken's petition be dismissed, the Court will recommend her Motion to Appoint Counsel be dismissed as moot.

**IT IS THEREFORE RECOMMENDED** that Kocken's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Kocken's Motion to Appoint Counsel (ECF No. 2) be **dismissed as moot**.

**IT IS ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 25th day of February, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge